# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### ON APPEAL FROM CHANCERY.

APRIL TERM, 1848.

---

**ELIAS W. CONOVER, APPELLANT, v. SUSAN WRIGHT, RESPONDENT.**

1. The statute of limitation of New Jersey, (*Rev. L.* 411, § 10; *Rev. Stat.* 95, § 11,) applies to the action of dower, and may be pleaded in equity as well as at law.

2. When the bill does not state any circumstances to take the case out of the statute, the plea may be a pure plea.

3. It is not required to be accompanied by an answer when the bill simply contains the formal allegation in regard to title papers, usual in bills for dower, in order to bring them within the jurisdiction of a court of equity.

---

This case is reported *ante p.* 482.

Appeal from the decree of the Chancellor. The respondent filed, July, 1846, her bill of complaint against the appellant, in which she sought to recover dower in certain lands in his possession. The bill stated the seizure in fee of her former husband, Barzillai Wright; a sale by the sheriff to the appellant; that her husband died 1st March, 1836, leaving the complainant him surviving, entitled to dower in the said freehold premises, &c.

The defendant pleaded in bar that the said Barzillai Wright died above twenty years before the filing of the said bill or service of process, and that the right or title and cause of action

613

(if any,) of the complainant accrued above twenty years before the filing of the said bill, &c., and therefore that the said defend - ant pleaded the statute of New Jersey entitled, &c.

The cause was heard before the Chancellor under an agreement that if the plea should be allowed by the court, it should be considered as proved, and a final decree made thereon.

The Chancellor, after argument, overruled the plea, with costs, and from this order the defendant appealed.

The case was heard by Justices WHITEHEAD, CARPENTER and RANDOLPH, and Judges PORTER, SPENCER, SCHENCK, SPEER, SINNICKSON and McCARTER; the Chief Justice and Justice NEVIUS not sitting.

*C. S. Green* and *P. D. Vroom*, for appellant.

This is the case of an ordinary bill for dower, and the statute of limitations pleaded thereto. The plea was overruled below on the ground that the statute, (*Rev. L.* 411, § 10,) does not apply to dower. The decision of the Chancellor conflicts with the previous decision of the Supreme Court, and the question is now definitely to be settled in this court.

The cause of action accrued on the death of the husband, when it became the duty of the tenant to assign dower. 4 *Kent* 30; *Ib.* 66. The non-performance of this duty was wrongful and amounted to a deforcement. 3 *B. C.* 172. The statute expressly bars all actions for land unless brought within twenty years after the cause of action accrued. *Rev. Laws* 411, § 10; *Berrien* v. *Conover*, 1 *Har.* 107; *Tuttle* v. *Wilson*, 10 *Ohio* 24; *Jones* v. *Powell*, 6 *Johns. Ch. Rep.* 194; *Ramsay* v. *Dosier*, 1 *Const. (S. C.) Rep.* 112.

The statute applies equally in courts of equity and in courts of law. *Angell on Limitations* 24 (*Ed.* 1846); *Wanmaker* v. *Van Buskirk, Saxton* 691; *Peacock* v. *Newbold, in this court*, October Term, 1845, 1 *Halst. Ch. Rep.* 553.

*W. Halsted, contra.*

The statute does not apply to dower. The statute in regard to dower, (*Rev. L.* 398,) declares what shall bar dower, but does not mention lapse of time as a bar. There has been no adverse holding against the widow, and therefore the statute does not run against her. *Parker* v. *Obear,* 7 *Metc.* 24; *Barnard* v. *Edwards,* 4 *New Hamp. R.* 109; *Spencer* v. *Weston,* 1 *Dev. and Bat.* 213; *Guthrie* v. *Owen,* 10 *Yerg.* 339; *Park on Dower* 311.

The widow has no right of entry until dower has been assigned. 1 *Cruise* 159, *tit.* "*Dower*," *ch.* 4, § 1; *Litt.,* § 43; 4 *Mass.* 388; 7 *John. Rep.* 247. Not even after judgment. 16 *Mass.* 193.

The widow's right of dower is no title to land, but a mere chose in action; an inchoate right to an unascertained part. 17 *John.* 168; 20 *Ib.* 411; 4 *Kent.* 68; *Watkins on Descents* 101; *Gilbert on Tenures* 26; *Salk.* 422; 3 *Barr* (*Pa.*) *Rep.* 71.

But if at law, the statute is no bar in equity. At any rate the plea should have been accompanied by an answer denying fraud. *Beame's Pleas* 175; *Ib.* 168; 1 *Story Eq. Jur.,* § 628, note 640; *Curtis* v. *Curtis,* 2 *Bro. C. C.* 620; 4 *Kent* 69.

CARPENTER, Justice, delivered the opinion of the court.

Whether courts of equity act in obedience or in mere analogy to the statute of limitations, it has become a settled case that they will apply them, in similar cases within the sphere of their jurisdiction, equally with courts of law. They have always felt themselves bound by the spirit and meaning of these statutes, and ordinarily act in conformity to them. In cases concurrent with a remedy at law they always allow them to be pleaded, and a party is not permitted to evade their effect by resorting to another forum. *Angell on Limitations,* ch. 3, *p.* 24; *Saxton* 691.

The objection, it would seem, may be taken by demurrer to the bill, if so framed that it appears on its face and no attendant circumstances are stated which will obviate it. If the objection does not appear on the face of the bill, as in the present instance, it may be taken by way of plea, or by way of answer. When the objection is taken by way of plea to a bill which does

not state any circumstances to take the case out of the statute, such as fraud, &c., the plea may be a pure plea, though otherwise if the bill should charge a fraud which had not been discovered within the period named in the statute. In such case the plea should be accompanied by an answer, answering and denying the circumstances of fraud alleged, in order to avoid the bar. *Story Eq. Pl.,* § 503 ; *Ib.,* §§ 751, 754.

The bill in this case is in the ordinary form of a bill for dower. The death of the husband is alleged within the period mentioned in the statute. No unusual circumstances of equity jurisdiction are set forth. It alleges no matter of concealment in order to avoid the operations of the statute ; no ignorance of her rights is pretended by the complainant. The bill contains nothing beyond the formal allegations in regard to title papers always found in such bills, for the purpose of bringing what is ordinarily a mere legal right within the jurisdiction of a court of equity. If the statute applies to dower the defence seems to have been properly raised by the defendant's plea.

But it was but urged upon the part of the respondent that the 10th section of our statute of limitations (11th in the revision) does not apply to the action of dower, and consequently cannot be pleaded either at law or in equity ; and such is the view taken by the Chancellor. One section of our act, copied from the English statute of 21 *Jac.* 1, *ch.* 16, § 1, bars the right of entry into any lands, &c., unless made within twenty years after such right or title shall accrue. The widow has no right of entry until dower assigned, and the statute of 21 *Jac.* 1, in England, and similar statutes in this country, have therefore been construed not to apply to the action of dower. It (21 *Jac.* 1,) applies only to a right of entry, and therefore by its terms is inapplicable to the action of dower, which is founded, not on the right of entry, but on an inchoate right to have the one-third part of any lands of which the husband had been seized during coverture, set off and assigned to her.

But the next section of our act, (*Rev. L.* 411, § 10,) goes further, and enacts " that every real, possessory, ancestral, mixed, or other action, for any lands, &c., shall be brought or instituted within twenty years next after the right or title thereto shall ac-

crue, and not after ;" with a saving clause in favor of infants, *feme coverts* and insane. It in very terms applies to all actions for the recovery of lands, tenements and hereditaments, and it is difficult to see how it can fail to apply to the action of dower. It bars, not the right of entry merely, but any action brought for the recovery of land, &c. Land is sought to be recovered in this action, and the widow's title becomes absolute on the death of the husband. By the statute of *Magna Charta*, the heir had forty days within which to assign dower ; a provision incorporated into the third section of our act in relation to dower. If not assigned within that period, the tenant becomes guilty of deforcement, and liable in an action of dower. The widow's title, and her cause of action, then accrue, the possession of the tenant as against her then becomes adverse, and the statute begins to run.

It is true, lapse of time is not enumerated in the statute relative to dower as a bar to the action, and obviously because it naturally falls within another classification. *Parker* v. *Obear*, 7 *Metc.* 24, is a decision upon a statute very similar to the 10th section of our act, which the court then held did not bar the writ of dower. But that decision may well be sustained upon the ground that, in the State of Massachusetts, the widow's cause of action does not accrue at the death of her husband, but only from the time of demand made. Here a demand is not necessary in order to support the action, although it may be important as affecting the amount of damages. Taking a different view than the Chancellor of the policy of the statute, and holding the action of dower to be not only within the letter, but the meaning and intent of the statute, we are unanimously of the opinion that his decree must be reversed.

The decree is reversed, with instructions to enter a decree for costs in the court below.

*Per tot. cur.*   Decree reversed.